# United States Bankruptcy Court
# District of Massachusetts

~~~~~~~~~~~~~~~~~~~~~~~~

In re

**JAMES J. MacDONALD,**                          Chapter 7
        Debtor                                        Case No. 04-11155-JNF

~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION

The matter before the Court is the Objection of the Chapter 7 Trustee, John J. Aquino (the "Trustee"), to the "Motion to Amend Schedule C," a motion which the James J. MacDonald (the "Debtor) has amended. Through his Motion, the Debtor seeks to exempt an action for personal injuries resulting from a fall from a ladder which occurred prior to the commencement of his bankruptcy case (the "Claim"). The Debtor argues that the Claim is exempt because it would not be subject to attachment or assignment pursuant to Massachusetts common law, relying primarily on the Massachusetts Supreme Judicial Court's decision in General Exchange Ins. Corp. v. Driscoll, 315 Mass. 360, 52 N.E.2d 970 (1944) (hereinafter "General Exchange"). The Trustee asserts that the Claim and any derivative proceeds are not exempt and became property of the Debtor's estate by operation of law pursuant to 11 U.S.C. § 541 and not pursuant to the type of assignment

1

prohibited by the Supreme Judicial Court in General Exchange.

The Court shall treat the Debtor's Motion to Amend and the Trustee's Objection as a contested matter to which the adversary rules apply. See Fed. R. Bankr. P. 9014(c); Fed. R. Bankr. P. 7001 et seq. The material facts necessary to decide this matter are not in dispute. The following constitute findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## II. FACTS AND PROCEDURAL HISTORY

The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 17, 2004. Four days before he filed his petition, "he suffered an accident in which he fell off a ladder while working." On March 9, 2005, the Debtor filed his original Schedule B-Personal Property and Schedule C-Property Claimed as Exempt (collectively, the "Original Schedules"). On his Original Schedules, the Debtor did not list the Claim although he claimed certain personalty, cash and real estate as exempt pursuant to the Massachusetts state law exemptions under 11 U.S.C. § 522(b)(2).

On August 5, 2004, the Debtor filed a "Motion to Amend Schedules B and C" (the "First Motion to Amend") for purpose of listing the previously omitted Claim as an asset on Schedule B and claiming it as exempt on Schedule C (the "First Amended Schedule C"). In his First Amended Schedule C, the Debtor listed the Claim as exempt pursuant to the Massachusetts statutory exemption set forth in Mass. Gen. Laws ch. 152, § 47, which exempts certain workers' compensation benefits from seizure on execution. Asserting an alternative basis for limiting the estate's right to the Claim, the Debtor stated: "To the

2

extent portion [sic] of the Claim reimburses the Debtor for future income it is not an asset of the estate. To extent [sic] portion of the Claim reimburses the Debtor for pain and suffering that occurred or developed post-petition [sic] not an asset of the estate." The Court allowed the First Motion to Amend on August 6, 2004. Approximately three weeks later, the Debtor received his a discharge.

On December 28, 2004, the Debtor filed a "Motion to Convert Chapter 7 Case to a Chapter 13 Case" and a second "Motion to Amend Schedule C" (the "Second Motion to Amend"). He cited General Exchange and In Re Williams, 293 B.R. 769 (Bankr. W.D. Mo. 2003), as additional support for his claimed exemption of the Claim. Although this Second Motion to Amend Schedule C cited the above cases, the Debtor in his new Schedule C (the "Second Amended Schedule C") listed the same reference to the Massachusetts workers' compensation statute which he set forth in the First Amended Schedule C.

The Court allowed the Debtor's Motion to Convert to Chapter 13 on December 29, 2004, and, on January 7, 2005, the Trustee filed a "Motion of Chapter 7 Trustee for Reconsideration of Order Granting Debtor's Motion to Convert Chapter 7 Case to a Chapter 13 Case" (the "Motion for Reconsideration"). In his Motion for Reconsideration, the Trustee argued that conversion was inappropriate in light of certain alleged improper conduct of the Debtor in the course of his Chapter 7 case. The Debtor objected to the Motion to Reconsider. In addition, on February 10, 2005, the Chapter 13 Trustee (the "Chapter 13 Trustee") filed a Motion to Dismiss the Debtor's case for failure to provide her with certain documents. The Chapter 7 Trustee objected to the Motion to Dismiss as well

3

as to the Debtor's Second Motion to Amend Schedule C (the "Objection"). In his Objection, he asserted that the Claim and its proceeds were property of the Debtor's Chapter 7 estate by operation of law pursuant to 11 U.S.C. § 541. He added that <u>General Exchange</u> was not applicable in the context of a bankruptcy case.

The Court conducted a hearing on all of these contested matters on February 17, 2005 inquiring as to the exact nature of the Claim. Debtor's counsel responded to the Court's inquiry by stating that the Claim was "strictly a personal injury claim against a third party" and not one based on workers' compensation, notwithstanding the reference to the workers' compensation statute in the Second Amended Schedule C. Following the hearing, the Court took all matters under advisement. On February 28, 2005, the Debtor withdrew his objection to the Trustee's Motion for Reconsideration, thus conceding to conversion of his Chapter 13 case to one under Chapter 7. Accordingly, the Court issued an order on March 2, 2005 allowing the Trustee's Motion for Reconsideration and re-converting the Debtor's case to one under Chapter 7. On March 3, 2005, the Court denied the Chapter 13 Trustee's Motion to Dismiss as moot.

On March 9, 2005, the Court issued an order denying the Second Motion to Amend based on the Debtor's erroneous reliance on the Massachusetts workers' compensation statute. The Court ordered the Debtor to file a further amended Motion to Amend Schedule C reflecting the proper legal basis for the exemption of the Claim along with a brief addressing the issues previously raised by the Trustee in his Objection. On March 23, 2005, the Debtor complied with the order by filing an "Amended Motion to Amend

4

Schedule C" (the "Third Motion to Amend"), a further amended Schedule C (the "Third Amended Schedule C") and a Memorandum. In his amendments, the Debtor reiterated his prior position that the entire Claim is exempt pursuant to <u>General Exchange</u> and other cases cited. Alternatively, he argued, without citation to any authority, that any portion of the Claim relating to his future income or post-petition pain and suffering is not property of the estate. Although the Trustee did not file an objection to the Debtor's latest claim of exemption, the Trustee did file a brief in which he further challenged the Debtor's reliance on <u>General Exchange</u> and common law as the basis for the exemption of the Claim. To date, the Debtor has not filed a lawsuit with respect to the Claim, and the Claim has not been reduced to judgment.

### III. THE PARTIES' POSITIONS

A. <u>The Debtor</u>

The Debtor cites Mass. Gen. Laws. ch. 223, § 42, which governs attachment of certain real and personal property. The statute provides in relevant part:

> All real and personal property liable to be taken on execution, except such personal property as, from its nature or situation, has been considered as exempt according to the principles of the common law as adopted and practiced in the commonwealth, or which is specifically exempt from execution under section thirty-four of chapter two hundred and thirty-five, and except as provided in the four following sections, may be attached upon a writ of attachment in any action in which the debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover. . . .

The Debtor asserts that the Claim is exempt because it is not subject to attachment or assignment pursuant to Massachusetts common law. He chiefly relies on <u>General</u>

5

Exchange and In re Williams, 293 B.R. 769 (Bankr. W.D. Mo. 2003).

In General Exchange, an auto insurance company paid money to an insured under a policy following a car accident which resulted in both property damage and personal injury to the insured. Pursuant to the terms of the policy, the insurer was then subrogated to the insured's rights and causes of action for damages to the auto. The General Exchange court ruled that the portion of the recovery which had been specifically earmarked for property damage belonged to the insurer, but that "[a] claim for personal injury cannot be assigned...." Id. at 363.

In Williams, the Chapter 7 Trustee objected to a debtor's claimed exemption for the portion of a potential personal injury lawsuit relating to lost wages and medical expenses. The debtor argued that any recovery from the potential lawsuit was exempt because the underlying claim was neither liquidated nor assignable and that under Missouri law such claims are exempt from the claims of creditors. The Williams court found that unliquidated, unassignable claims were exempt from the claims of creditors under Missouri law and thus allowed the debtor to exempt her potential lawsuit.

B. The Trustee

The Trustee challenges the Debtor's positions on three grounds. First, the Trustee argues that the First Circuit's ruling in Howe v. Richardson, 193 F.3d 60 (1st Cir. 1999), *cert. denied*, 529 U.S. 1021, 120 S. Ct. 1424, 146 L. Ed. 315 (2000), undermines the Debtor's theory that an exemption exists under state law for personal injury claims in bankruptcy cases. In Howe, a case similar to this case, a Chapter 7 debtor in Rhode Island asserted an

6

exemption for a personal injury claim, not pursuant to a specific state exemption statute, but rather pursuant to R.I. Gen. Laws § 9-26-4(10), a so-called "catch-all" statute exempting "[s]uch other property, real, personal, or mixed, in possession or actions as is or shall be exempted from attachment and execution . . . by policy of the law." The debtor asserted his exemption in reliance upon this statute and Rhode Island's common law which reflected a policy of refusing to enforce the assignment of personal injury claims before they are reduced to judgment. The First Circuit in Howe affirmed the order sustaining the objection to the exemption. It determined that "the Rhode Island policy limiting assignment of personal injury claims would never be described as an 'exemption' within the meaning of section 9-26-4(10)." Id. at 64.

Next, the Trustee asserts that, even if Massachusetts common law did at one time set forth a public policy against the assignment of personal injury claims, more recent cases reflect a re-examination of the policy. He cites, *inter alia*, Kippenhan v. Chaulk Services, Inc., 428 Mass. 124, 130, 697 N.E.2d 527 (1998), and New Hampshire Insurance Co., Inc. v. McCann, 429 Mass 202, 210, 707 N.E.2d 332 (1999), which question the outmoded prohibition against the assignment of personal injury claims in Massachusetts. The Trustee avers that the clear trend in Massachusetts is toward the allowance of assignments of personal injury claims because public policy concerns about frivolous and excessive litigation and "open-trading" of lawsuits, on which the assignment prohibition is based, are no longer controlling.

Finally, the Trustee asserts that any damages arising from post-petition loss of

income and pain and suffering relating to the Claim are property of the estate pursuant to 11 U.S.C. § 541(a)(6) which includes "[p]roceeds, product, offspring, rents or profits of or from property of the estate...."

## IV. DISCUSSION

### A. The Motions to Amend

Bankruptcy Rule 1009(a) permits a debtor to amend his or her schedules "as a matter of course at any time before the case is closed." Massachusetts Local Bankruptcy Rule 1009-1 provides that a debtor who amends a schedule of exemptions "after the deadline for objecting to the exemptions" must do so by motion. The Debtor complied with the Local Rule requirement by filing the various motions to amend his Schedule C. The Second Motion to Amend was denied by this Court because, by counsel's own admission, it asserted a mistaken legal basis for the exemption of the Claim.

Based on the liberal standards for allowing amendments to schedules, the Court shall allow the Debtor's Third Motion to Amend while preserving the issue of the exemption's validity, which the parties have addressed in their pleadings. Although the Trustee never filed an objection to the Third Motion to Amend or an objection to the exemptions claimed in the Third Amended Schedule C, he did file a brief in response to the Second Motion, which the Court shall treat as an objection to the Debtor's exemption of the Claim contained in the Third Amended Schedule C.

8

B. <u>The Exemption of the Personal Injury Claim</u>

When a bankruptcy petition is filed, with limited exceptions, "all legal or equitable interests of the debtor in property" which the debtor holds as of the commencement of the case becomes property of the estate. *See* 11 U.S.C. § 541(a)(1). Notwithstanding the breadth of § 541, § 522 allows a debtor to exempt certain property from the bankruptcy estate that the trustee would otherwise have available to satisfy the claims of creditors. *See* 11 U.S.C. § 522. Therefore, although virtually all assets of a debtor initially become property of the bankruptcy estate, certain property may be withdrawn from the estate if it qualifies for exemption under § 522. Pursuant to 11 U.S.C. § 522(b), debtors in bankruptcy may elect either the Bankruptcy Code exemptions set forth in § 522(d) *or* the exemptions provided by their state of residence together with those provided by federal, nonbankruptcy and local law. Massachusetts permits its debtors to elect between the state and federal exemption alternatives.

In this case, the Debtor chose to avail himself of the Massachusetts exemption scheme, asserting the exemption of the Claim, not on any specific statutory exemption for a personal injury claim, but on Mass. Gen. Laws ch. 223 § 42 which governs attachment of certain real and personal property. The Debtor, in essence, argues that because his personal injury action cannot be assigned under Massachusetts common law, based on the holding of <u>General Exchange</u>, his Claim falls within Mass. Gen. Laws ch. 223, § 42 as property which "from its nature or situation, has been considered as exempt according to the principles of the common law as adopted and practiced in the commonwealth." *See*

9

Mass. Gen. Laws ch. 223, § 42.

This Court finds that the Trustee's arguments are compelling. The non-assignability of a personal injury action in Massachusetts does not equate to an exemption. The prohibition against the assignment of a personal injury claim promulgated in <u>General Exchange</u> does not affect or limit the Trustee's rights to the Claim which arises by virtue of 11 U.S.C. § 541. Section 541 effectuates a transfer of assets from a debtor to the estate *by operation of law* rather than by assignment. The kind of voluntary assignment at issue in <u>General Exchange</u> is simply not present in the bankruptcy context.

Additionally, the Debtor's position is undermined by the questionable precedential value of the 1944 Supreme Judicial Court's decision in <u>General Exchange</u>. In <u>Kippenhan v. Chaulk Services, Inc.</u>, 428 Mass. 124, 697 N.E.2d 527 (Mass. 1998), the court pondered whether "[t]here may be reasons why that [General Exchange] rule, not recently tested, should be modified", <u>id</u>. at 130, when it considered the distinction between a settlement involving the proceeds of an action as opposed to the claim itself. Other courts, such as the First Circuit in <u>Howe v. Richardson</u>, 193 F.3d 60 (1st Cir. 1999), *cert. denied*, 529 U.S. 1021, 120 S. Ct. 1424, 146 L. Ed. 315 (2000), have examined similar common law prohibitions against personal injury claim assignments. In <u>Howe</u>, the First Circuit examined the Rhode Island common law policy prohibiting the assignment of personal injury claims, stating ". . . this rule, apparently still in force, is based on concerns - - reflected in the now hoary rules against champerty and maintenance - - about promoting litigation by 'intermeddling volunteers' who purchase personal injury claims 'for their own profit.'"<u>Id.</u> at 64 (citing

10

Ethridge v. Atlantic Mut. Ins. Co., 480 A.2d 1341, 1344-46 (R.I. 1984)). The Howe court continued: "[t]hose concerns are pretty faint in the case of a bankruptcy trustee who is simply trying to muster the [debtor's] property for the benefit of creditors, none of whom likely wanted to be in the business of pursuing the debtor's claims against anyone." Id. See also Saladini v. Righellis, 426 Mass. 231, 235, 687 N.E. 2d 1224, 1226 (Mass. 1997)("We also no longer are persuaded that the champerty doctrine is needed to protect against the evils once feared: speculation in lawsuits, the bringing of frivolous lawsuits, or financial overreaching by a party of superior bargaining position.").

Given the dubious value of General Exchange, the Court is unpersuaded by In re Williams, 293 B.R. 769 (Bankr. W.D. Mo. 2003), in which the court allowed a debtor to exempt a potential lawsuit based on Missouri common law, particularly because the Williams court was uneasy with its own ruling. It stated: "I confess, however, that I am not comfortable with the conclusion I feel compelled to draw here . . . and I invite the Missouri Legislature to address the issue with legislation that may more thoroughly express its intent." Id. at 771. Moreover, the decision in Williams is not binding on this Court in any event.

Even assuming that Mass. Gen. Laws. ch. 223, § 42 applies to personal injury claims through the application of General Exchange, the Debtor has not persuaded this Court that this statute qualifies as a Massachusetts exemption for bankruptcy purposes. See DeNadai v. Preferred Capital Markets, Inc. (In re DeNadi), 272 B.R. 21 (D. Mass. 2001), in which the court held that a debtor could not exempt certain stock options in reliance upon Mass. Gen.

11

Laws ch. 223, § 71 which provides that shares of stock cannot be attached in a civil action in which only money damages are sought. The court found that the statute was an "insufficient foundation for [the debtor's] attempted exemption." Id. at 36-37. It reasoned that it differed from other Massachusetts exemption statutes which set forth exemptions clearly and unequivocally. Id. Similarly, nothing in ch. 223, § 42 specifically references personal injury actions or explicitly prevent their appropriation by third parties by operation of law such as occurs in a bankruptcy proceeding. Cf. Mass. Gen. Laws ch. 175, § 110A (disability insurance benefits: "shall not be liable to attachment, trustee process or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or by operation of law..."). As in Denadai, the Debtor in this case has failed to convince this Court that he has found an exemption under Massachusetts law rather than a mere gap in judicial process. See 272 B.R. at 38-39.

Lastly, the Debtor's position that a portion of the Claim is attributable to post-petition income and/or pain and suffering and is not an asset of the estate is without merit. The Debtor's Claim, at this stage, is an unliquidated claim -- a cause of action, which is an interest in property for the purposes of § 541(a)(1). See Casey v. Grasson In re Riccitelli), 320 B.R. 483, 488 n.10 (Bankr. D. Mass. 2005)(citing Howe v. Richardson (In re Howe), 232 B.R. 534, 537 (1st Cir. BAP 1999)). Indeed, if the Claim were not property of the estate under § 541, the Debtor would not be able to seek the exemption he now asserts. See Wood v. Premier Capital, Inc. (In re Wood), 291 B.R. 219, 225 (1st Cir. BAP 2003)("...by claiming an exemption in the workers' compensation settlement proceeds, the Debtor impliedly

12

concedes that the claim is property of the estate, since a debtor cannot claim an exemption in property that is not property of the estate."). Moreover, the Debtor has provided no legal authority in support of his position that any portion of the Claim attributable to compensation for future income or post-petition pain and suffering should be excluded from the estate.

## V. CONCLUSION

For the reasons stated above, the Court finds that the Claim, as it presently exists, is property of the Debtor's estate. The Court hereby allows the Debtor's Third Motion to Amend Schedule C and sustains the Trustee's Objection with respect to the Debtor's exemption of the Claim as provided in the Third Amended Schedule C.

Dated: June  , 2005

By the Court,

Joan N. Feeney,
United States Bankruptcy Judge

cc: John J. Aquino, Chapter 7 Trustee, Philip C. Silverman, Esq., for the Chapter 7 Trustee and Ann Brennan, Esq., the Debtor

13